ELBRIDGE MANN & another *vs.* JAMES H. LAWS & another.

Suffolk. March 8. — 10, 1875. COLT & AMES, JJ., absent.

A commission merchant wrote to a manufacturer of goods, requesting a consignment of his goods invoiced at the lowest rates, stating what the charges would be, promising to pay the return freight if satisfactory prices could not be obtained, and to be responsible for any neglect by him to deal with the goods according to the manufacturer's orders. The manufacturer replied, in a letter accompanying the shipment of goods, that he had invoiced the goods at the lowest selling prices, and that "the small shipment" then made "will be duplicated if prices obtained warrant." The invoice contained no direction to sell the goods at the invoiced prices. The consignees sold for a less price. The consignor wrote him that the price obtained was not satisfactory, but made no claim that any order had been violated, and afterwards brought an action to recover the difference between the invoice price and that for which the goods were sold, in which the declaration contained no averment that the consignee had acted unfaithfully or injudiciously. *Held,* that the action could not be maintained.

CONTRACT to recover a balance on an account growing out of a consignment of boots by the plaintiffs to the defendants for

sale on commission. The declaration alleged that on August 14, 1872, the defendants sent the following letter to the plaintiffs:

" We have concluded to write you in regard to selling some of your boots for you. We need badly a line of goods like yours; can sell a great many of them. We will not slaughter your goods, if we do we will foot the bill. Send five cases of each kind of your goods, men's, boys', youths', two or three grades; invoice them as low as you can. The gross charges shall not exceed (7½) seven and one half per cent. If we cannot get you satisfactory prices will pay freight back on the goods to your place. We want your goods; want to handle them just as you say. If we don't, we will, as said above, pay the bill. Ship by White Line."

That the defendants replied, under date of August 19, 1872, as follows: " Yours of the 14th at hand. With the inducements offered we have made you a small shipment to-day, per invoice inclosed, which will be duplicated if prices obtained warrant. We have invoiced the goods at the lowest selling prices. Goods are marked [M], and shipped by White Line. Expecting to hear from you, with early returns, we remain," &c.

That at the same time the defendants sent an invoice of the goods, with the lowest prices at which said goods were authorized to be sold, all of which prices were fair prices.

That the defendants sold the goods for less than the prices authorized by the invoice, and thereby became liable to the plaintiffs for the difference in the prices; to wit, $150.

The case was sent to an auditor, who found that the plaintiffs were manufacturers of boots and shoes at Milford in this Commonwealth, and the defendants were auctioneers and commission merchants in Cincinnati, Ohio; that the correspondence set forth in the plaintiffs' declaration passed between the parties, and that the plaintiffs sent the defendants for sale thirty cases of boots and shoes, together with an invoice of the same,* the prices on it amounting in the aggregate to $831; that the defendants immediately sold a portion of the goods at auction in the usual course of their business, and sent the plaintiffs an account of sale and a

---

* A copy of the invoice was annexed. The first item was " 3 cases, 36 prs. $2.05, $73.80." It contained no specific direction to sell at the invoiced price.

check for $533.33, inclosed in a letter dated September 7, 1872, to which the plaintiffs replied on September 11, 1872, as follows: " Yours of 7th to hand, with inclosed as stated. The prices obtained for the goods arĕ very far from satisfactory, will not warrant us in sending any more. Your charges exceed 7½ per cent., whereas, in your letter soliciting the consignment, you stated the charges for freight, &c., would not exceed 7½. We trust you will remit the difference." On September 16, 1872, the defendants sent the plaintiffs the following letter: " Yours of 11th to hand and noted. When we sell the balance of your goods the charge shall not exceed the 7½ per cent. We included the charges of freight and drayage for all the goods in the first account rendered; hence the cause of excess in charge." On September 30, the defendants sold the remainder of the thirty cases, and sent the plaintiffs an account thereof, together with their check for $146.60, making the total amount sent the plaintiffs, as the net receipts of the sales, $679.93.

In November, 1872, one of the defendants called at the plaintiffs' office in Boston, and the plaintiffs demanded $3.84 as a balance due them, claiming that the defendants had taken too much commission. The defendants paid it, and the plaintiffs did not then make any other claim upon the defendants, though they stated to the defendants that the prices for which the goods had been sold were not satisfactory.

The auditor found that the defendants acted in good faith, and sold the goods at the market prices of such goods in Cincinnati at the time, and got as much as they would then bring in that market; and that the prices stated in the invoice sent the defendants were the lowest selling prices in the Boston market at that time; that if the defendants were limited to these prices they owed the plaintiffs $147.23, with interest; otherwise there was nothing due.

At the trial in the Superior Court, before *Pitman*, J., the plaintiffs read the auditor's report, and also offered " to show that the invoice prices therein referred to were fair prices for the Cincinnati market, and that the goods were sold below the market price; also by the testimony of experts in the trade, that by the course of dealing and common usage they would consider themselves as limited in the prices by the correspondence given in the

auditor's report." But the judge rejected these offers of proof as incompetent and immaterial to the issue. No other evidence was offered by either party, and the case stood upon the auditor's report, which neither party sought to control. The judge thereupon ruled, at the request of the defendants, that as a matter of law, upon the construction of the correspondence of the parties, the defendants were not absolutely limited in their sales to the invoice prices, and that upon the pleadings as they stood the plaintiffs could not maintain their action; and the plaintiffs declining to amend, ordered a verdict for the defendants; and, by consent of parties, reported the case to this court for the determination of the question of law involved, with the further agreement of parties that if the plaintiffs are, as a matter of law, upon the auditor's report, entitled to a judgment, the verdict for the defendants is to be set aside and judgment rendered accordingly; otherwise judgment on the verdict.

*D. C. Linscott*, for the plaintiffs.

*A. A. Ranney*, for the defendants.

DEVENS, J. The question presented by the report in this case arises upon the declaration and the construction of the correspondence which constituted the contract between the parties, and brings before us only the inquiry whether the defendants were bound, by any direction of the plaintiffs in accepting the consignment of their goods, not to sell them for less than the invoice prices contained in the plaintiffs' bills. The declaration contained no averment that the defendants had not acted faithfully and judiciously in the sale made by them. The plaintiffs did not desire to amend their pleadings, and while certain evidence was offered and rejected by the court as immaterial to the issue raised, no exception appears to have been taken to its exclusion.

We are of opinion that the court correctly ruled that the defendants were not limited in their sales to the invoice prices. While the plaintiffs had a right to fix definitely the prices of their goods, and to direct positively that none should be sold for less than they thus fixed, the giving of prices merely in the invoice which accompanied the shipment cannot be considered such a direction. In their letter requesting the consignment, of August 14, 1872, while the defendants desire the plaintiffs to invoice the goods as low as they can, they inform the plaintiffs what the

charges are to be, what they will do as to payment of return freight if satisfactory prices cannot be obtained, and that they will be responsible for any neglect of duty or of the orders which the plaintiffs may give. In the reply of the plaintiffs of August 19, 1872, which accompanies the shipment of goods, they state that they have invoiced the goods at the lowest selling prices, and that the invoice inclosed " will be duplicated if the prices obtained warrant." The correspondence on both sides, and especially the promise of the plaintiffs to duplicate " the small shipment " actually sent, " if prices obtained warrant," indicate that the goods were sent in order to make an experiment upon the market, and that the invoice prices were for the information, and to some extent perhaps for the guidance of the consignees ; but there is no direction to them to hold the goods if these prices cannot be obtained. Upon a declaration, therefore, which alleges no misconduct on the part of the defendants, but simply a violation of an order not to sell at less than the invoice prices, the plaintiffs cannot recover.

While the contract between the parties is to be determined by the letters of August 14 and August 19, 1872, as tending to show that the construction given by the court is the natural one, it is to be observed that the construction which the plaintiffs originally gave themselves was the same. This is sufficiently shown by their letter of September 11, 1872, in which, while they say that the prices are not satisfactory, they make no claim that any order has been violated by selling at less than the invoice prices, but object only to the commissions, which they think higher than have been agreed to.  *Judgment on the verdict.*